UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALLEN DALE WILLIAMS, JR., #1430769,

    Petitioner,

v.              ACTION NO. 2:16cv139

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

### FINAL ORDER

  Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss the Petition. In the Petition, the attorney representing Petitioner alleges violations of his constitutional rights in relation to his convictions for second degree murder, burglary and unlawful wounding, in the York County Circuit Court, which resulted in fifty-five (55) years in prison with twenty-five (25) years suspended.

  The Petition was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation filed November 30, 2016, recommends dismissal of

the Petition with prejudice.[1] On December 14, 2016, the Petitioner timely filed objections to the Report and Recommendation. The Respondent, in lieu of filing a response to petitioner's objections, filed a Notice to the Court that they were not going to respond to the Petitioner's objections unless directed to do so by the Court. The Court entered an Order on January 18, 2017, ordering the Respondent to file a response to Petitioner's objections within twenty (20) days from the date of entry of the Order. The Respondent filed his Response to Petitioner's Objections on February 7, 2017.

The Court, upon a de novo review, having examined the record and the objections filed by Petitioner to the Report and Recommendation as well as the Response to Petitioner's Objections filed by the Respondent, makes the following finding with regard to Petitioner's objection on the issue of timeliness. Under 28 U.S.C. § 2244(d)(1), Petitioner had one year to file his federal habeas petition from the date that judgment became final and the time had expired for seeking direct review. This "statute of limitations defense . . . is not 'jurisdictional,'" Holland v. Florida, 560 U.S. 631, 645 (2010), and is instead "an affirmative defense that the state

---

[1] The Court corrects the scrivener's error on page 11 of the Report and Recommendation to state that Petitioner's petition was filed on March 22, 2016.

2

bears the burden of asserting." Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002). Here, the state did not initially raise the issue of timeliness. See generally Br. in Support of Mot. to Dismiss, ECF No. 10; Resp., ECF No. 12. If the state does not raise the timeliness issue, under Rule 4 of the Rules Governing Section 2254 Cases, the court may raise timeliness sua sponte, though it is not required to do so. Id.; see also R. Gov. § 2254 Cases in U.S. Dist. Cts. 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Should the court choose to raise the issue sua sponte, the court should afford the petitioner with notice and a reasonable opportunity to respond to the issue. Day v. McDonough, 547 U.S. 198, 210-11 (2006). Here, the Magistrate Judge raised the issue of timeliness sua sponte in his Report and Recommendation to the District Judge, ECF No. 13, giving Petitioner notice and a reasonable opportunity to object. Petitioner objected to the calculation of the one-year limitation period, ECF No. 14, and, at the direction of the Court, Respondent filed a response to Petitioner's objections stating that "respondent admits that [Petitioner's] petition was timely," ECF No. 17, at 3 n.4.

The Court finds no error with the Magistrate Judge's calculation of the applicable time period for the statute of limitations on Petitioner's federal habeas petition. Petitioner advocates for use of the anniversary method of calculating the statute of limitations. Under an anniversary method of counting, "[w]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period." Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (quoting Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998)); see also Pet.'s Objection 4, ECF No. 14, at 4. Under this method of calculation, Petitioner's statute of limitations began to run on April 23, 2012, with an anniversary date of April 23, 2013. While Petitioner agrees that the statute of limitations began to run on April 23, 2012, he argues that the day that he filed his state habeas petition, January 11, 2013, should not be counted toward the federal habeas one year limitation period. ECF No. 14, at 4. If Petitioner is correct, the statute of limitations only ran from April 23, 2012 to January 10, 2013. However, Federal Rule of Civil Procedure 6(a)(1) provides otherwise. That rule outlines a methodology for counting days when the period is stated in days or a longer unit of time, such as a year:

> (A) exclude the day of the event that triggers the period;
> (B) count every day, . . . and

4

(C) include the last day of the period. . . .

Fed. R. Civ. P. 6(a)(1). Here, the ninety day deadline for Petitioner to file a cert petition on direct appeal was April 23, 2012, at which time the statute of limitations for filing his federal habeas petition began to run. On January 11, 2013, Petitioner filed his state habeas petition, which tolled the statute of limitations on his federal habeas petition. Applying the Rule 6 counting methodology, which requires that the last day of the period be counted, the statute of limitations ran from April 24, 2012, the day after the triggering event, to January 11, 2013, <u>the last day of the period</u>. Fed. R. Civ. P. 6(a)(1)(C). This equals 263 days, as correctly calculated in the Report and Recommendation. The Respondent suggests that the leap day is not counted when it occurs during the year between the triggering event and the anniversary date. As acknowledged by Petitioner, that is not the case here because the triggering event was April 23, 2012, and had an anniversary date of April 23, 2013, which did not include any leap day in the intervening period. Thus, the Court observes that the Magistrate Judge's calculation of the timeliness of Petitioner's petition was accurate.

However, the one-year limitation on habeas petitions "does not set forth an inflexible rule requiring dismissal whenever

its clock has run." Holland v. Florida, 560 U.S. 631, 645 (2010) (internal quotations and citations omitted). Instead, as an affirmative defense, the issue of timeliness can be waived by respondent, which then prohibits the court from dismissing the case upon this ground. Day, 547 U.S. at 218 n.11 ("[S]hould a State intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice."); accord. Holland, 560 U.S. at 645 ("We have repeatedly stated that the enactment of time-limitation periods such as that in § 2244(d), without further elaboration, produces defenses that are nonjurisdictional and thus subject to waiver and forfeiture." (citing Day, 547 U.S. at 213 (Scalia, J., dissenting))). Here, Respondent specifically waived the statute of limitations affirmative defense by stating that "respondent admits that [Petitioner's] petition was timely." ECF No. 17, at 3. Because Respondent chose to waive the statute of limitations affirmative defense, the Court is not "at liberty to disregard that choice." Day, 547 U.S. at 218 n.11. Thus, as the Court finds that the issue of timeliness was waived by Respondent, the Court does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Report and Recommendation filed November 30, 2016 solely with regards to the merits of Petitioner's habeas petition. It is, therefore, **ORDERED** that

the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and that the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that judgment be entered in favor of the Respondent.

The Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

The Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, and therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail or deliver a copy of this Final Order to counsel of record.

It is so **ORDERED**.

/s/ MSD
MARK S. DAVIS
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 3, 2017